MARIE P. ADAMS, complainant-respondent,

*v.*

PETER A. ADAMS, defendant-appellant.

[Decided February 6th, 1939.]

*Messrs. Evans, Smith & Evans (Mr. John Milton,* of counsel), for the defendant-appellant.

*Messrs. Collins & Corbin (Mr. Edward A. Markley* and *Mr. John F. Leonard,* of counsel), for the complainant-respondent.

The opinion of the court was delivered by

WALKER, J.

The complainant below filed a bill seeking among other things support and maintenance and on December 23d, 1936, she was allowed $200 a week as and for temporary maintenance. Thereafter and before final hearing she filed a petition for a writ of *ne exeat republica,* a writ of injunction and the appointment of a receiver of her husband's property. The court of chancery considered said petition and the affidavits presented in support thereof and in opposition thereto, and on May 23d, 1938, entered an order enjoining and restraining the defendant, Peter A. Adams, from selling, pledging, assigning, encumbering, transferring or disposing of any and all of the property, real and personal owned by him, or over which he exercised dominion and directing that all said property be delivered to a named custodial receiver to be held until the further order of the court.

*R. S. 1937, 2:50-39* is the court of chancery's statutory authority for awarding maintenance and support on final decree, and while it does not contain authority to order temporary maintenance, yet, up to the present time said court has not hesitated to make such *pendente lite* provision for the wife in proper cases. *Vreeland* v. *Vreeland, 18 N. J. Eq. 43.*

On final decree or thereafter the court could under and by virtue of the provisions in *R. S. 1937, 2:50-37* and *2:50-39,* compel the defendant to give reasonable security for the maintenance and support awarded and allowance made, and upon neglect or refusal to give such reasonable security or upon default in complying with the order, could award and issue process for the immediate sequestration of the personal estate, and the rents and profits of the real estate of the party so charged, and appoint a receiver thereof. It therefore appears that after final hearing and on and after final decree, the court is required to give the defendant an opportunity to furnish reasonable security; and while it cannot be said that it was required to do so in the matter now before us because same has not reached final hearing, there is no power, the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion, and which is more dangerous in a doubtful case than the issuing of an injunction. *A fortiori,* the appointment of a receiver. *Kelly* v. *Kelly-Springfield Tire Co., 106 N. J. Eq. 545.* The granting of an injunction and the appointing of a receiver in cases where such remedies are appropriate are matters ordinarily resting in the sound discretion of the court. *Rawnsley* v. *Trenton Mutual Life Insurance Co., 9 N. J. Eq. 347,* but we feel that in the exercise of caution, deliberation and discretion, the appellant husband herein should have been afforded the opportunity of giving reasonable security for the due observance of the order of December 23d, 1936, and upon his neglect or refusal to give such security within a reasonable time or upon default in complying with the order, the court may then award and issue process for the immediate sequestration of his personal estate and the rents and profits of the real estate and appoint a receiver thereof.

The order of May 23d, 1938, will be remanded to the court of chancery for modification in accordance with these views.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.